IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY MCMENAMY,

Plaintiff,

v.

BELT POWER, LLC,

Defendant.

Case No. 2:23-cv-02097-JWB

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss Plaintiff's claims for compensatory and punitive damages under the Age Discrimination in Employment Act ("ADEA"). (Doc. 10.) The motion is fully briefed and ripe for decision.[1] (Docs. 10, 11, 14.) The motion is GRANTED because Plaintiff concedes that he cannot recover punitive damages, and compensatory damages for pain and suffering are not available under the ADEA.

I.   Background

The following facts from the complaint are assumed true for purposes of the motion to dismiss. Plaintiff Terry McMenamy was constructively discharged from Defendant Belt Power, LLC, in June 2022. (Doc. 1 ¶ 45.) Plaintiff was 65 years old when he was discharged. (*Id.* ¶ 15.) Plaintiff had started work for Defendant in January 2019 as a territory manager. (*Id.* ¶ 17.) Plaintiff increased sales volume in his territory each year. (*Id.* ¶ 20.) Plaintiff was abruptly placed on a performance improvement plan in March 2022 after receiving a "competent and effective" performance rating in 2020 and an even better "slightly above effective performance" in 2021.

---

[1]   The time to file a reply has passed, so the motion is ripe.

(*Id.* ¶¶ 22-24.) Younger employees have not been placed on performance improvement plans. (*Id.* ¶ 46.)

During the performance improvement plan meeting, Plaintiff was asked his age, mocked for wearing a face mask (despite a mask requirement being posted), and heard comments about what he and another employee over age 65 "cost" Defendant. (*Id.* ¶¶ 30-32.) The performance improvement plan gave Plaintiff a nearly impossibly goal of increasing his sales to $1,000,000 by the end of the year while simultaneously taking away 19 of Plaintiff's accounts. (*Id.* ¶ 36.). Plaintiff expressed that this standard was unattainable. (*Id.* ¶ 35.) Nevertheless, Plaintiff tried to comply with the performance improvement plan, but he was informed on June 10, 2022, that June 3 was being treated as his separation date from Defendant. (*Id.* ¶¶ 38, 44.) Plaintiff received his right-to-sue letter from the EEOC on December 5, and he filed this lawsuit for age discrimination and retaliation under the ADEA on March 3, 2023. (*See id.* ¶ 12.)

**II.  Standard**

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing on the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.  Analysis**

Plaintiff brings claims for discrimination, hostile work environment, and retaliation under the ADEA. (Doc. 1 at 6, 8, 10.) Plaintiff concedes that he cannot recover punitive damages under

2

the ADEA.  (Doc. 14 at 2 n.1.)  The court thus grants Defendant's motion on this point.  *Bruno v. W. Elec. Co.*, 829 F.2d 957, 967 (10th Cir. 1987) ("[P]unitive damages are not available under the ADEA.").

Plaintiff makes three arguments to avoid dismissal of his claims for compensatory damages: (1) that Defendant's motion is untimely because it was filed after its answer, (2) that courts outside the Tenth Circuit have held that compensatory damages are available under the ADEA, and (3) that even if compensatory damages are not available for discrimination claims under the ADEA, the court should hold that they are available for retaliation claims based on authority from courts in the Seventh Circuit.  (*Id.* at 3-4.)  The court addresses these arguments in the order raised.

Plaintiff is correct that a 12(b)(6) motion must be filed before an answer, however the court may consider the motion as one for judgment on the pleadings under Rule 12(c) under the same standards that apply to a Rule 12(b)(6) motion.  *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101-02 (10th Cir. 2017).  Contrary to Plaintiff's characterization, Defendant is not asserting an affirmative defense.  (*See* Doc. 14 at 3.)  Rather, Defendant is arguing that Plaintiff fails to state a claim for compensatory damages.  Thus, Plaintiff's argument on this point is unavailing, and the court considers the parties' arguments under Rule 12(c).

Second, regardless of what courts outside the Tenth Circuit may have done, the Tenth Circuit has held that "the ADEA is limited to the damages specifically enumerated."  *Perrell v. Financeamerica Corp.*, 726 F.2d 654, 657 (10th Cir. 1984).  Therefore, "damages [are] not permitted for psychological pain and humiliation in ADEA cases."  *Villescas v. Abraham*, 311 F.3d 1253, 1259 (10th Cir. 2002) (citing *Perrell*, 726 F.2d at 657).  Accordingly, compensatory damages for pain and suffering are unavailable for discrimination claims under the ADEA.

3

Finally, Plaintiff's third argument has flagged a bit of a gray area in that the Tenth Circuit has not, to the court's knowledge, ever explicitly applied its *Perrell* holding in the ADEA retaliation context (as opposed to the discrimination context). *Cf. Villescas*, 311 F.3d at 1261 (10th Cir. 2002) ("We, of course, express no opinion with respect to whether compensation for emotional distress would be available in a private sector retaliation claim under § 626(b)."). However, Judge Lungstrum has addressed this issue in a lengthy memorandum and order. *Marshall v. BNSF Ry. Co.*, No. 18-CV-2385-JWL, 2020 WL 128054 (D. Kan. Jan. 10, 2020).

Judge Lungstrum held that compensatory and punitive damages are not available for an ADEA retaliation claim. *Id.* at *4. He reasoned that the Tenth Circuit's rationale in other ADEA caselaw applied with equal force in the emotional distress context for both discrimination and retaliation. *Id.* Judge Lungstrum also found that the Seventh Circuit's indication in *Moskowitz v. Trustees of Purdue University*, 5 F.3d 279 (7th Cir. 1993), that emotional distress damages are available in retaliation cases appears to be an outlier. *Id.* at *3. The court also notes that other judges in the District of Kansas have followed Judge Lungstrum's decision. *See, e.g.*, *Paustian v. Belt Power, LLC*, No. 23-CV-02015-JAR-ADM, 2023 WL 5531789, at *2 (D. Kan. Aug. 28, 2023). The undersigned joins his colleagues in holding that pain-and-suffering compensatory damages are unavailable for ADEA retaliation claims. The court therefore grants Defendant judgment on the pleadings as to Plaintiff's compensatory damages claims to the extent Plaintiff sought damages for pain and suffering. Plaintiff's other claims, including those for liquidated damages if there is a showing of willfulness on Defendant's part, remain in the case.

**IV.     Conclusion**

Defendant's motion to dismiss (Doc. 10) is GRANTED.

IT IS SO ORDERED.

Dated: September 21, 2023    /s/John W. Broomes
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE